# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

MONTEZUMA WELDING AND )
RADIATOR WORKS, Inc., )
 )
 )
         **Plaintiff,** )
 )
         v. )    CIVIL ACTION NO. 5:19-cv-261 (MTT)
 )
AUTO-OWNERS INSURANCE )
COMPANY, )
 )
 )
         **Defendants.** )
_____)

## ORDER

Plaintiff Montezuma Welding and Radiator Works, a/k/a Dorsey's Montezuma Welding, along with its owners, Larry and Cheryl Dorsey, filed a complaint in state court alleging that Defendant Auto-Owners failed to pay for property losses and lost income caused by a fire at Montezuma Welding's place of business. Doc. 1-1 at 5-7. Montezuma Welding asserted claims for breach of its insurance contract with Auto-Owners and for bad faith pursuant to O.C.G.A. § 33-4-6. *Id.* at 7-9. Auto-Owners removed and moved to dismiss the claims brought by Larry and Cheryl Dorsey, who were not parties to the insurance contract between Auto-Owners and Montezuma Welding, and the claim for bad faith, which had not been properly alleged. Docs. 1; 6-1 at 6-7, 9. In response, the Plaintiff amended the complaint to remove those claims. Doc. 10 at 1; *see generally* Doc. 9.

On August 16, 2019, the Court entered a scheduling order, which provided that motions to amend the pleadings must be filed no later than October 14, 2019. Doc. 13

at 7. On October 30, the Plaintiff moved to amend the complaint (i) to reassert the bad faith claim and (ii) to substitute Owners Insurance Company as the Defendant. *See generally* Doc. 14. The Plaintiff argued that amendment by leave of court is proper under Rule 15(a)(2) of the Federal Rules of Civil Procedure. *Id.* The Plaintiff also recognized that the deadline had passed and moved to modify the scheduling order to permit amendment. *Id.*

The Plaintiff's brief addressed Rule 15 of the Federal Rules of Civil Procedure, which governs amendments of pleadings, but failed to consider the applicability of Rule 16, which applies when the motion to amend is made after the Scheduling Order's deadline. *See generally* Doc. 14.

In the Plaintiff's reply brief, the Plaintiff acknowledged Rule 16, but failed to address whether the Plaintiff was diligent. Instead, the Plaintiff appeared to argue a Rule 6 "excusable neglect" standard. Doc. 21 at 2-3. The Plaintiff cited *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) for the excusable neglect standard, but *Sosa* rejects that standard.[1] To the contrary, *Sosa* clearly holds that "Th[e] good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). But the Plaintiff makes no attempt to show it was diligent. The

---

[1] *Sosa*, 133 F.3d at 1418 n.2 ("In her motion for leave to amend, Sosa asked the district court to apply the 'excusable neglect' standard found in Fed.R.Civ.P. 6(b). As we explain below, when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused."); *see also Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018) ("In *Sosa*, we rejected the argument that the excusable-neglect standard in Rule 6(b) governs such extensions."); *Clemons v. Delta Air Lines, Inc.*, at *10 (N.D. Ga. Oct. 7, 2013), *aff'd*, 625 F. App'x 941 (11th Cir. 2015) ("excusable neglect is not the proper guide for determining whether a party's delay may be excused when its motion to amend is filed after a scheduling-order deadline") (citing *Sosa*, 133 F.3d at 1418 n.2); *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) (*Sosa* "impl[ied] that Rule 16 provides a more stringent standard than Rule 6's excusable neglect standard").

Plaintiff is **ORDERED** to file a supplemental brief addressing whether the Plaintiff can show good cause for modification of the scheduling order. That brief should consider the Rule 16 good cause standard and should either address the issue of the Plaintiff's diligence or explain why it is not necessary to address diligence. The Plaintiff shall have until January 22, 2020 to file that brief.

**SO ORDERED**, this 9th day of January, 2020.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT